**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---------------------------------------------------X

CAMERON MILTON

**Plaintiff(s)**

-against-

GUNSTER, YOAKLEY, & STEWARD, PA

**Defendant(s)**

---------------------------------------------------X

**COMPLAINT**

**INDEX No.**

FILED BY cds D.C.
MAR 13 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

I, **Cameron Milton**, prosecuting this action sua sponte duly authorized to represent the above action pursuant to *28 U.S.C § 1654,* and *Fla. Stat. § 454.18.* Hereby affirms the Following to be true under penalty of perjury under the laws of the State of Florida, and I, **Cameron Milton** understand that this document may be filed in an action or proceeding in a court of law.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (Diversity Jurisdiction) as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is headquartered in this District and the data breach events occurred here.

II. **PARTIES**

3. [Cameron Milton] herein the Plāintiff is an individual residing in [State of New York] in possession of the premises located at 130 Lefferts Pl Pat 6A, Brooklyn, New York 11238 and is the sole owner of his Sensitive Private Information (PII/SPI).

4. Defendant Gunster, Yoakley & Stewart, P.A. ("Gunster") is a Florida-based law firm that maintains and stores non-disclosed SPI with an address located at 777 S. FLAGLER DRIVE #500 WEST PALM BEACH, FL 33401.

III. **STATEMENT OF FACTS**

5. Opt-Out Status: Plaintiff was a member of the class in Whalen v. Gunster, Case No. 9:24-CV-80612. On [May 9, 2025], Plaintiff timely and formally opted out of the class settlement (Claim ID: 10380147) to pursue individual litigation.

6. The Breach: Defendant obtained Plaintiff's SPI through a professional arrangement. Defendant subsequently suffered a data breach, which Defendant admitted via formal notice.

7. Fiduciary Relationship: Defendant obtained Plaintiff's SPI through a professional legal arrangement. As a law firm, Defendant is a fiduciary with a non-delegable duty to redact, protect, and confine private information.

8. "The 'Logjam' Breach and Lateral Movement: Defendant's security failures created what is known in cybersecurity as a 'logjam effect.' By failing to implement network segmentation and firewall-protected silos, Defendant allowed a single point of entry to become a gateway to its entire unencrypted database. This lack of internal access controls effectively removed the 'logs' (security checkpoints) that should have obstructed unauthorized movement. Consequently, Defendant left an 'open door' for Dark Web users to engage in lateral movement across its systems, granting them unfettered access to Plaintiff's Name, DOB, SSN, and Banking/Health information which was negligently stored in cleartext (unencrypted) format.

9. Systemic Failures: Defendant failed to install firewalls, failed to monitor networks for unapproved activity, and failed to discharge SPI that exceeded record-keeping statutes of limitations.

10.Deceptive Delayed Notice: Defendant unethically stayed silent after learning of the "security fault," failing to timely disclose the breach. This non-responsive practice was a deceptive omission intended to minimize Defendant's exposure while maximizing Plaintiff's damages.

11.Concrete Injury (Standing): Plaintiff's SPI is currently circulating on the

Dark Web, establishing a present injury and a substantial risk of future injury under Green-Cooper v. Brinker Int'l, Inc., 73 F.4th 883, 890 (11th Cir. 2023).

12.Actual Damages: Plaintiff has suffered economic harm, including out-of-pocket costs for credit freezes, independent monitoring services, and the loss of "time"—a priceless resource. Furthermore, Plaintiff is now subject to police investigation due to fraudulent activity performed in his name.

13.Article III Standing (Actual Misuse): Plaintiff alleges a concrete and imminent injury. In the Eleventh Circuit, the posting of a plaintiff's sensitive personal information on the Dark Web establishes a "concrete injury" sufficient for standing. Green-Cooper v. Brinker Int'l, Inc., 73 F.4th 883, 890 (11th Cir. 2023) held that such exposure constitutes a present injury and a substantial risk of future injury.

14.Irreparable Harm: The leaked information is a "permanent wound" that mere credit monitoring cannot heal. Plaintiff's information is being circulated among criminal enterprises, creating a lifetime of susceptibility to identity theft and interference with future benefits.

15.Out-of-Pocket Mitigation Expenses: As a direct and proximate result of

Defendant's data breach and subsequent failure to provide timely and adequate notice, inclusive of Defendant's silence for [months] after learning of the security fault, Plaintiff was denied the opportunity to immediately freeze his credit, directly resulting in the unauthorized dissemination of his SPI to Dark Web users.Plaintiff has suffered concrete economic harm. Specifically, Plaintiff has incurred out-of-pocket expenses to mitigate the ongoing risk of identity theft, including: (a) fees paid to credit bureaus to implement and maintain security freezes; (b) the purchase of independent credit monitoring services and specialized identity restoration insurance, as the Defendant's one-year offer was insufficient to address the permanent nature of the breach; and (c) the cost of obtaining certified credit reports to verify fraudulent activity. These expenditures constitute "actual damages" under Fla. Stat. § 501.211(2), as they represent a direct financial loss incurred to recover the security of the property-Plaintiff's identity-that was devalued by Defendant's deceptive and unfair practices.

## IV. CAUSES OF ACTION

### COUNT I: NEGLIGENCE

16.Defendant breached its duty to exercise reasonable care in securing Plaintiff's SPI. Defendant was reckless and careless in knowing and knowing the effect of not taking reasonable care of securing Plaintiff's SPI. Under Florida

law, a plaintiff has standing if they can draw a logical connection between the release of information and an injury.

COUNT II: **BREACH OF FIDUCIARY DUTY**

17.By storing Plaintiff's sensitive legal and private information, a fiduciary relationship was established. Defendant breached this duty of loyalty and care by allowing said information to be disclosed to unauthorized third parties.Defendant failed to operate as a reasonable person in a fiduciary capacity. Defendant's "gross and culpable negligence" in mishandling property—Plaintiff's identity—violates Article 1 § 2 of the Florida Constitution regarding the right to possess and protect property.

COUNT III: **FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)**

18.Defendant's failure to maintain industry-standard security while representing itself as a secure legal institution constitutes an unfair practice under Fla. Stat. § 501.201.

19.A deceptive act occurs when there is a representation or omission likely to mislead a consumer acting reasonably. Gavron v. Weather Shield Mfg., Inc., 819 F.Supp.2d 1297 (S.D. Fla. 2011).

20.Defendant's omission of the breach was a deceptive act likely to mislead a

reasonable consumer. Gavron v. Weather Shield Mfg., Inc., 819 F.Supp.2d 1297 (S.D. Fla. 2011). Defendant's failure to maintain secure systems while holding itself out as a secure firm is an "unfair practice" per FTC Act § 5(a) standards

COUNT IV: **BREACH OF CONTRACT IMPLIED-IN-FACT & CIVIL CONSPIRACY**

21.An implied contract existed where Plainti' provided SPI in exchange for Defendant's promise of security. Defendant conspired with unknown third parties to disseminate this data, evidenced by the "cruel and intentional" delay in notification. See Wilding v. DNC , 941 F.3d 1116.

COUNT V: **INVASION OF PRIVACY**

22.This action contains sufficient factual matter to be "plausible on its face" under Ashcroft. Iqbal , 556 U.S. 662. Defendant's failure to protect confidential data resulted in the illegal "public" availability of Plaintiff's life to the Dark Web, violating Article 1 § 23 of the Florida Constitution.

COUNT VI: **UNJUST ENRICHMENT**

23.Defendant accepted fees in exchange for services that included an implied promise of security. Defendant retained these benefits while failing to provide the promised protection.

24.Upon information and belief, Defendant "bundled" Plaintiff's SPI for

commercial gain or Treasury claims. It is inequitable for Defendant to retain profits from the possession of Plaintiff's property while allowing that property to be devalued by a breach.

COUNT VII: **VIOLATION OF DUE PROCESS**

25.Defendant's silence obstructed Plaintiff's right to exhaust remedies (immediate mitigation), constituting a proactive deprivation of Plaintiff's ability to defend his inalienable rights to property and the pursuit of happiness.

V. **PRAYER FOR RELIEF**

26.WHEREFORE, Plaintiff respectfully requests: Compensatory Damages for the lost value of SPI; Punitive Damages for Defendant's gross negligence; Nominal Damages and any other relief the Court deems just.

VI. **JURY TRIAL DEMANDED**

27.Plaintiff hereby demands a trial by jury on all issues so triable.

28.WHEREFORE, Plaintiff, Cameron Milton, respectfully requests that this Court enter judgment in his favor and against Defendant, Gunster, Yoakley & Stewart, P.A., for the following relief:

A. Compensatory Damages: An award of actual and compensatory

damages in an amount to be proven at trial, exceeding $75,000, for the loss of value of Plaintiff's Sensitive Private Information (SPI), out-of-pocket mitigation expenses (including credit monitoring and security freeze fees), and the loss of time associated with remediating identity theft;

B. Punitive Damages: An award of punitive damages, as authorized by Florida law, due to Defendant's gross negligence and "logjam" security failures, which demonstrate a willful and wanton disregard for the safety of Plaintiff's confidential legal and personal data;

C. Statutory Damages and Fees: An award of actual damages, reasonable

attorneys' fees, and court costs as provided under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.211;

D. Injunctive and Declaratory Relief: An order requiring Defendant to:

- Implement and maintain industry-standard security protocols, including encryption at rest and network segmentation;
- Submit to periodic third-party security audits for a period of no less than five years;

- Provide Plaintiff with lifetime identity theft protection and restoration services;

E. Nominal Damages: An award of nominal damages to vindicate the violation of Plaintiff's constitutional right to privacy and property under the Florida Constitution;

F. Pre-judgment and Post-judgment Interest: As provided by law; and

G. Additional Relief: Such other and further relief as this Court deems just and proper.

DATED: March 5, 2026

/s/ [signature]

**CAMERON MILTON**
130 LEFFERTS PL APT 6A
BROOKLYN, NEW YORK 11238
miltoncameron09@yahoo.com
(347)-455-6501

To:
**GUNSTER, YOAKLEY & STEWARD, PA**
c/o Registered Agent Atkinson, David

9589 0710 5270 2664 1223 85

FROM:

Cameron milton
130 LEFFERTS PL APT 6A
Brooklyn, NewYork 11238

INSPECTED

TO:

United States District Court
701 CLEMATIS Street, Room 202
West PAlm Beach, FL 33401

TIFIED MAIL®

5270 2664 1223 85

Retail

UNITED STATES POSTAL SERVICE®

33401

RDC 03

U.S. POSTAGE PAID
PM
BROOKLYN, NY 11212
MAR 06, 2026

$18.60

S2324N501047-6

X

TO:

United States District Court
701 CLEMATIS Street, Room 202
West PAlm Beach, FL 33401